AO 241
(Rev. 01/15)

Page 1

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle | |
|---|---|---|
| Name: (under which you were convicted)<br><br>Horace S. Williams | | Docket or Case No:<br><br>3:20-CV. 843-J.34PDB |
| Place of Confinement:<br><br>Taylor Correctional Institution | Prisoner No: J11031 | |
| Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)<br>Horace S. Williams  v. Mark Inch, Sec'y F.D.O.C. | | |
| The Attorney General of the State of: Ashley Moody | | |

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON

**PETITION**

7-27-20 ___ HW

DATE (MAILROOM-MAIN UNIT OFFICER INT.

1.    (a) Name and location of Court that entered the judgment of conviction you are challenging:

Fourth Judicial Circuit Court, in and for Duval County, Florida

_____

_____

(b) Criminal docket or case number (if known): ____ 1999-3620-CF-A

2.    (a) Date of the Judgment of Conviction (if you know):____ May 14, 2002

(b) Date of Sentencing:__ May 14, 2002

3.    Length of Sentence:____ Life

4.    In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑No

5.    Identify all crimes of which you were convicted and sentenced in this case:____ Count 1: sexual battery,

Florida Statute § 794.011(8)(b) sentenced to Life

_____

_____

_____

_____

6.    (a) What was your plea? (Check one)

☑(1)   Not guilty          ☐(3)   Nolo contendere (no contest)

☐(2)   Guilty          ☐(4)   Insanity plea



AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and not guilty plea to another count charge, what did you plead guilty to and what did you plead not guilty to?___N/A_____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑Jury ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or post-trial hearing?

☑Yes ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9.    If you did appeal, answer the following:

(a) Name of Court:_____1ˢᵗ DCA (Florida)_____

(b) Docket or Case Number (If you know):_2002-2183_____

(c) Result:_____PCA_____

(d) Date of result (If you know):___Unknown_____

(e) Citation to the case (If you know):_____Unknown_____

(f) Grounds raised: _____Unknown_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher Court?    ☐ Yes ☑No

If yes, answer the following:

(1) Name of Court:_____N/A_____

(2) Docket or Case Number (if you know):___N/A_____

(3) Result:_____N/A_____

_____N/A_____

(4) Date of Result (if you know):_____N/A_____

AO 241
(Rev. 01/15)

Page 3

(5) Citation to the case (if you know):_____N/A_____

(6) Grounds raised:_____N/A_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes ☑No

If yes, answer the following:

(1) Docket or Case Number (if you know):_____N/A_____

(2) Result:_____N/A_____

_____

(3) Date of Result (if you know):_____N/A_____

(4) Citation to the Case (if you know):_____N/A_____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any State Court?    ☑Yes ☐ No

11.    If your answer to Question 10 was "Yes", give the following information:

(a)    (1) Name of Court:_____4th Judicial Circuit Court_____

(2) Docket or Case Number (if you know):__1999-3620-CF-A_____

(3) Date of Filing (if you know): __Don't know_____

(4) Nature of the proceeding:_____Motion for postconviction relief_____

(5) Grounds Raised:_____Don't know_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑No

(7) Result:_____Dismissed_____

(8) Date of Result (if you know):__3-7-2018_____

12. ISSUE PRESENTED: THE PETITIONER CLAIMS THE RIGHT TO BE RELEASED ON THE
GROUND THAT THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION, CONTRARY
TO THE 5TH, 6TH, AND 14TH U.S.C.A. _____

(a) Supporting Facts:

   The petitioner is being illegally detained and restrained against his will for a non-existent offense.
The petitioner's cause sub judice demonstrates a prima facie cause to find ch. 794, Florida Statutes to be
"void ab initia" as opposed to merely voidable. All parts of the act, as published within §794 of 1974
supplement to Florida Statutes 1973, including all subsequent repealers a void due to never having any real
or actual legal effect.

   Chapter §794, Florida Statutes enacted by 74-121 Laws of Florida, has never been a valid statute
since its effective date of October 1, 1974. It was never published as enacted by the legislature in the 1974
supplement to Florida Statutes 1973, leaving it "void ab initia" from it's inception. See: Exhibit's "B" +
"C."

   The petitioner's conviction and current detainment is based upon an invalid law and is an
absolute nullity at law and subject to collateral attack on the use of Ch. 794, Florida Statutes which does not
legally exist in Florida. The jurisdiction of the court was not legally invoked and now the petitioner stands
convicted and detained of a "non-existent" offense under the law, which may be raised at anytime under the
"manifest injustice" exception.

   Due process violations has occurred warranting an evidentiary hearing.

(b) This claim was not raised on the state level because the state refuses to allow him to file any claims.
See: Exhibit "A."

AO 241
(Rev. 01/15)

Page 5

13.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:_____Don't know_____

_____

(b) At arraignment and plea:_____Don't know_____

_____

(c) At trial:_____Don't know_____

_____

(d) At sentencing:_____Don't know_____

_____

(e) On appeal:___Don't know_____

_____

(f) In any post-conviction proceeding:_____Don't know_____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding:_____Don't know_____

_____

_____

14.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____N/A_____

_____

(b) Give the date the other sentence was imposed;___N/A_____

(c) Give the length of the other sentence:___N/A_____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes ☑ No

15.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*_____The one-year statute of limitations does not apply because a jurisdictional defect cannot be waived or procedurally defaulted-instead, a judgment-tainted by a jurisdictional defect must be "Reversed." See: *Harris v. U.S.*, 147 F. 3d 1308-09; a judgment-tainted by a jurisdictional defect must be "reversed." See: *Harris v. U.S.*, 147 F. 3d 1308-09; *United States v. Griffin*, 58 S. Ct.601 (1938); *McCoy v. United States*, 266 F. 3d 1245-48-49 (11ᵗʰ Cir. 2001); Also, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) holds that if the petitioner did not have counsel for his first initial-collateral review then his claim should not be procedurally defaulted. Florida does not provide counsel for initial collateral review. And thus, the petitioner should be excused anytime limitations against any procedural defaults; plus, in *Barfield v. Brieton*, 883 F. 2d 923 (11ᵗʰ Cir 1989). The eleventh Circuit held: the Supreme Court has recognized that a

prisoner has a fundamental right under the constitution to access to the courts. Citing *Bounds v. Smith*, 97 S. Ct. 1491 (1977); Also see; declaration of human right's articles that the United States became signatory to.



*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral
       review with respect to the pertinent judgment or claim is pending shall not be counted toward any
       period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:_____An order granting an evidentiary hearing in
order to vacate a non-existent offense that he is currently detained for._____

_____

or any other relief to which petitioner may be entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Petition for Writ of Habeas Corpus was placed in the prison mailing system on _7/27/20_ (month, date, year).

Executed (signed) on _7/27/20_ (date).

Respectfully Submitted

/S/ _Horace Williams_